## Francis McKavlin *vs.* Ann Bresslin.

Before the *St.* of 1855, *c.* 304, the earnings of the personal labor of a wife, even when living apart from her husband, were his property, and might be recovered by him from one to whom she had assigned them without value.

The books of a savings bank are admissible in evidence, in an action by a husband to recover money deposited in the bank by his wife, and at her order transferred to the credit of the defendant, to prove such deposit and transfer.

ACTION OF CONTRACT for money had and received. Writ dated January 15th 1855.

At the trial in the court of common pleas before *Mellen,* C. J., the plaintiff introduced evidence tending to show that Belle McKavlin was his wife, but had, for a year and a half, lived separate from him. He then offered as a witness Charles Barry, clerk of a savings bank in Boston, with the books of the bank. Barry testified that the entries on the books were not made by him, and the defendant therefore objected to their admission; but the court admitted them on the ground that the entries were made against the interest of the bank.

It appeared from the books that Belle McKavlin deposited

$500 in the Savings Bank in August 1854; and that in December 1854 this sum was, on her order, transferred to the defendant, and had been demanded by the defendant of the bank. There was no evidence of any value given by the defendant to said Belle for the deposit until after this suit was brought.

The defendant offered evidence tending to show that Belle McKavlin earned the money so deposited by her own labor, partly while living with her husband, and partly since their separation.

The judge instructed the jury that if the plaintiff had proved that Belle was his wife, and that the money was deposited by her and transferred to the defendant, and that the money so deposited was the property of the plaintiff, the verdict must be for the plaintiff; and that it made no difference whether it was earned by her labor or not, or while living with or separate from her husband. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*N. St. J. Green*, for the defendant.

*L. Gray*, for the plaintiff.

MERRICK, J. The question of the legal admissibility of the books of the Savings Bank in evidence can hardly arise between the parties to the suit, upon the statement of facts reported in the bill of exceptions; certainly it is unnecessary that it should be raised, in order to determine the points in controversy between them. From the testimony of Barry, the competency of which is undisputed, it appears that in fact the sum of five hundred dollars which stood credited on those books to the plaintiff's wife were on her order transferred by the witness, as a clerk and authorized officer of the institution, to the defendant; who afterwards demanded the money of the bank and received it as her own. This would be sufficient to trace the money, to which the plaintiff was entitled while it stood credited to his wife on the books of the bank, into her hands.

But as to the question whether the books were not competent evidence to show each of the two deposits, and to whom the money deposited belonged, we do not see how this case can be distinguished from that of the *Union Bank* v. *Knapp*, 3 Pick.

96, in which it was said by Putnam, J., in giving the opinion of the court, that "there is a peculiar reason why the books of the bank should be given in evidence; for the bank furnishes transcripts of them to its depositors; which in effect operate as the mutual acknowledgment of the parties as to their money dealings. And we are of opinion that the books are to be open for the several depositors, and that the bank is bound to produce them on all proper occasions. The officers of the bank having charge of the books are to be so far considered as agents for both parties." 3 Pick. 108.

It has been suggested that the defendant took nothing by the credit given to her on the books of the bank, because Belle McKavlin, being the wife of the plaintiff, had no right or authority to transfer the money credited to her. This is true; but the act of transfer is in effect ratified by the plaintiff by the claim which he makes upon the defendant for the money, and by the prosecution of this suit against him for its recovery. To the general proposition that the money was transferred in fact as stated by Barry, from the plaintiff's wife to the defendant, all the parties, including the bank, agree. The defendant in this way has come into possession of the money; but the plaintiff refuses to ratify the transfer of the property in the money to the defendant; and therefore, having shown it to be his own, he has a right to reclaim it. This was the precise instruction given to the jury; and their verdict for the plaintiff must have been upon their finding that the plaintiff had proved that Belle McKavlin was his wife, that she deposited in the bank the same five hundred dollars which was afterwards transferred to the defendant, and that the money so deposited was his own.

As the wife had no authority to act for her husband, no receipt or discharge which she could give to the defendant could be made available in her defence against the claim of the plaintiff, the evidence offered by her upon that subject was inadmissible and was of course properly rejected. *Exceptions overruled.*